# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 1:11-cr-00332-LJO-1 |
|---|---|
| Plaintiff-Respondent, | ORDER NOTIFYING PETITIONER OF THE CONSEQUENCES OF RE-CHARACTERIZING HIS MOTION AS MADE UNDER 28 U.S.C. § 2255 |
| v. | |
| JANAMJOT SINGH SODHI, | (ECF No. 45) |
| Defendant-Petitioner. | |

On May 28, 2019, Petitioner Janamjot Singh Sodhi filed a *pro se* "Motion to Vacate Plea Agreement Under Rule 11(d)(2)(B)." ECF No. 45. Petitioner did not state that the motion was pursuant to Title 28, United States Code, Section 2255 ("§ 2255").

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that a defendant may withdraw a guilty plea "after the court accepts the plea, *but before it imposes sentence* if: . . . (B) the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B) (emphasis supplied). Petitioner was sentenced in 2013, and this rule is inapplicable. The substance of the motion is a collateral attack on his sentence, and he specifically uses the language of § 2255 in his motion. *Compare* ECF No. 45 at 3 ("Petitioner meets the requirements for setting aside or vacating a conviction . . .") *and* 4 ("Petitioner respectfully requests that this Honorable Court GRANT this Motion to Vacate his plea conviction as unconstitutionally obtained . . .") *with* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States

1

. . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

Though Petitioner has styled the present challenge as a motion brought pursuant to the Federal Rules of Criminal Procedure, federal courts are empowered to "ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category," including cases to recharacterize a claim based on "its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381-82 (2003). "As a general rule, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (internal quotation marks and citation omitted). Regardless of the label a petitioner places on a motion, "[a]n application filed in the sentencing court that substantively falls within the scope of Section 2255 is analyzed as a motion under that Section." *United States v. Lizarraras-Chacon*, No. 3:11-CR-00517-HZ-1, 2015 WL 3447908, at *1 (D. Or. May 29, 2015). Petitioner's challenge is the "type of challenge . . . specifically stated in Section 2255 as a claim properly addressed through a habeas proceeding." *Id*.

However, before the Court re-characterizes Petitioner's motion as arising under § 2255, it must caution Petitioner of its intent to re-characterize the motion and the consequences of doing so and must also provide Petitioner "an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro*, 540 U.S. at 383. In particular, the Court now explicitly cautions Petitioner that should the Court re-characterize this motion as a § 2255 motion, any subsequent § 2255 motion Petitioner should wish to file in the future will be subject to the restrictions on "second or successive" motions under the Antiterrorism and Effective Death Penalty Act. *Castro*, 540 U.S. at 383. A § 2255 petitioner must present all grounds that he believes he has in one motion, because once the Court rules on that motion, a second motion may only be filed with the permission of the appropriate appellate court.[1]

---

[1] The relevant statutes are 28 U.S.C. §§ 2244(a) and 2255(h). 28 U.S.C. § 2244(a) provides:

2

Finally, the Court now explicitly provides Petitioner with the opportunity to withdraw the pending motion or to amend the motion so that it contains all the § 2255 claims Petitioner believes he has. *Id.*

Accordingly, **IT IS HEREBY ORDERED** that Petitioner shall have until **July 3, 2019**, (1) to file an appropriate notice electing to withdraw the pending motion, **or** (2) to amend this motion with any further § 2255 claims, **or** (3) to proceed with the understanding that the Court will construe the motion as one brought under § 2255. The Court additionally cautions Petitioner that his failure to respond to this Order will result in the Court re-characterizing this motion, setting a formal briefing schedule, and proceeding to rule upon the motion as it currently stands.

IT IS SO ORDERED.

    Dated: **June 3, 2019**                                 **/s/ Lawrence J. O'Neill**
                                                                UNITED STATES CHIEF DISTRICT JUDGE

---

(a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2255(h) provides:

(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.