# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 1:11-cr-00332-LJO-1 |
| Plaintiff-Respondent, | **ORDER GRANTING EXTENSION OF TIME AND DENYING REQUEST FOR TRANSCRIPTS** |
| v. | |
| **JANAMJOT SINGH SODHI,** | |
| Defendant-Petitioner. | (ECF Nos. 58, 59) |

On October 21, 2019, Petitioner Janamjot Singh Sodhi filed a motion requesting that transcripts related to both his initial appearance and his sentencing be produced and provided to him to assist as he prepares a reply brief supporting his petition under 28 U.S.C. § 2255 ("§ 2255"). ECF No. 27. Petitioner also requests an extension of time for filing his reply, based on his transcript request. *Id*. For the following reasons, Petitioner's request for transcripts is denied and his request for an extension of time is granted.

## I. BACKGROUND

Petitioner pleaded guilty on January 22, 2013, to five counts of mail fraud and wire fraud, related to a scheme through which he defrauded financial investors of more than two million dollars. ECF Nos. 26, 27. He was sentenced on June 10, 2013, to 57 months' incarceration and 36 months' supervised release. ECF Nos. 38, 39, 41. On May 28, 2019, Petitioner, proceeding *pro se*, filed a motion to vacate his plea agreement under Federal Rule of Criminal Procedure 11(d)(2)(B). ECF No. 45. On June 4, 2019, the Court issued an order advising Petitioner that, unless withdrawn, his motion would be

recharacterized as one brought under § 2255. ECF No. 46. Petitioner filed an amended § 2255 motion on July 8, 2019, raising a Sixth Amendment claim of ineffective assistance of trial counsel and requesting that the doctrine of equitable tolling be applied to his otherwise untimely petition. ECF No. 47. The Court issued a briefing order on July 17, 2019, ECF No. 48, and on September 16, 2019, the Government filed its opposition to Petitioner's § 2255 motion, ECF No. 52.

## II. **LAW AND ANALYSIS**

A petitioner's request for free transcripts is governed by 28 U.S.C. § 753(f), which provides that the United States shall pay the fee for transcripts furnished in criminal proceedings under the Criminal Justice Act (18 U.S.C. § 3006A) or in a non-frivolous habeas corpus proceedings where the defendant has been permitted to proceed *in forma pauperis*. *Lucatero,* 2007 WL 1747077, at *1 (E.D. Cal. June 18, 2007) (citing 28 U.S.C. § 753(f)). 28 U.S.C. § 753(f) further provides that fees for transcripts in § 2255 proceedings shall be paid by the United States under the statute if the defendant is "permitted to sue or appeal in forma pauperis," and "if the trial judge . . . certifies" that (1) "the suit or appeal is not frivolous" and (2) "that the transcript is needed to decide the issue presented by the suit or appeal." *See also Britt v. North Carolina*, 404 U.S. 226, 227 (1971) (finding that an indigent prisoner must, as a matter of equal protection, be provided "with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal").

Petitioner has not been certified to proceed *in forma pauperis*; therefore, he does not meet the standard set forth in 28 U.S.C. § 753(f). In addition, while Petitioner asserts in his § 2255 motion that his trial counsel provided ineffective assistance by failing to advise Petitioner of potential negative immigration consequences flowing from his guilty plea, Petitioner has not explained how transcripts from his initial appearance and his sentencing are necessary for preparation of his reply. The Government's opposition to Petitioner's motion argues, in part, that Petitioner was properly advised. ECF No. 52 at 5-7. In support of this contention, the Government cites a transcript from Petitioner's change of plea, as well as an affidavit provided by Petitioner's former attorney. *Id*. The transcript from

Petitioner's change of plea will be necessary to the Court's decision, and a complete copy is attached as an exhibit to the Government's opposition, ECF No. 52-1, which was served on Petitioner, ECF No. 52-2. Petitioner is not entitled to the production of transcripts absent both Court permission to proceed *in forma pauperis* and an explanation of how the initial appearance and sentencing transcripts are necessary to decision of Petitioner's motion.

Petitioner also has requested an extension of time in preparing his reply brief. While the Court has not granted Petitioner's request for transcripts, the Court grants Petitioner's request for extension of time. The extension provides Petitioner with the opportunity either to address the current bars to his request under 28 U.S.C. § 753(f) or to obtain transcripts at fee. If Petitioner chooses to do the latter, two order forms and instructions for placing a transcript order were mailed by Court staff on October 22, 2019.

### III. ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Petitioner's request for copies of transcripts related to his initial appearance and sentencing, ECF Nos. 58 and 59, is **DENIED**; and

2. Petitioner's request for extension of time, ECF No. 59, is **GRANTED** and Petitioner's reply brief is due by **December 29, 2019**.

IT IS SO ORDERED.

Dated: __**October 30, 2019**__     _____/s/ Lawrence J. O'Neill_____
                                    UNITED STATES CHIEF DISTRICT JUDGE