# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 1:11-CR-00332-LJO-1** |
| **Plaintiff-Respondent,** | |
| v. | **MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL** |
| **JANAMJOT SINGH SODHI,** | |
| **Defendant-Petitioner.** | |
| | **(ECF NO. 61)** |

On December 19, 2019, Janamjot Singh Sodhi ("Petitioner") filed a motion requesting that counsel be appointed to represent him in an action brought under Title 28, United States Code, Section 2255 ("§ 2255") to vacate, set aside, or correct a sentence. ECF No. 61. Petitioner is in federal custody pending deportation proceedings as a collateral consequence of his criminal conviction underlying the § 2255 motion. Petitioner's § 2255 motion raises a single claim of ineffective assistance of trial counsel for an alleged failure to discuss the immigration consequences of Petitioner's guilty plea in the criminal case. *See* ECF No. 47.

The Court set a briefing schedule in an order dated July 17, 2019. ECF No. 48. On September 16, 2019, the Government filed its opposition to Petitioner's § 2255 motion. ECF No. 52. On October 22, 2019, Petitioner requested transcripts related to both his initial appearance and his sentencing in order to prepare his reply to the Government's opposition. ECF No. 58. Petitioner's request was denied under the standard set forth in 28 U.S.C. § 753(f) because Petitioner neither submitted an application to proceed *in forma pauperis* nor explained how transcripts from his initial appearance and sentencing were necessary. The Court granted Petitioner an extension of time to file his reply, in order to afford Petitioner the opportunity to apply to proceed *in forma pauperis* (if he so chose) and to present argument regarding the necessity of the

requested transcripts. ECF Nos. 59, 60. Instead, on December 19, 2019, Petitioner submitted this request to appoint counsel and on January 3, 2020, filed his reply to the Government's opposition. ECF Nos. 61, 62.

## I. REQUEST FOR APPOINTMENT OF COUNSEL

There is no constitutional right to appointment of counsel for petitioners making a collateral attack on a conviction. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("we have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions"); *Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995) ("there is no constitutional right to counsel at a collateral, post-conviction section 2255 proceeding"). Nevertheless, "[t]he rules governing habeas proceedings mandate the appointment of counsel if necessary for the effective utilization of discovery procedures . . . or if an evidentiary hearing is required." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (citing Rules Governing Section 2255 Proceedings, Rules 6(a) ("If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."), 8(c) ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."). Appointment of counsel to represent indigent defendants is also required in § 2255 proceedings "when the complexities of the case are such that denial of counsel would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). *See also Dillon v. United States*, 307 F.2d 445, 447 (9th Cir. 1962) (due process requires appointment of counsel "when the circumstances of a defendant or the difficulties involved in presenting a particular matter are such that a fair and meaningful hearing cannot be had without the aid of counsel").

Outside of these three mandatory situations, district courts are authorized under 18 U.S.C. § 3006A(a)(2) to appoint counsel in a § 2255 proceeding whenever "the court determines that the interests of justice so require" and the movant is financially eligible. "In deciding whether to

2

appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam). *See also Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (finding no abuse of discretion where district court denied appointment of counsel in 2255 proceeding because "[a]lthough the appellant is over 60 years of age and has no background in the law, he thoroughly presented his issues in the habeas petition and the accompanying memorandum of law"); *Franklin v. United States*, No. SACR 06-0166-DOC, 2014 WL 12691082, at *2 (C.D. Cal. Sept. 16, 2014) (declining to appoint counsel in 2255 proceedings where the petitioner "has demonstrated a good understanding of the matter at issue on remand and 'the ability to present forcefully and coherently his contentions'") (quoting *La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987)); *Davis v. United States*, No. 1:07-CR-00255-EJL, 2016 WL 6471012, at *4 (D. Idaho Nov. 1, 2016) (denying appointment of standby counsel in 2255 proceeding because, *inter alia*, "record clearly shows the Petitioner is able to represent himself based on his filings articulating his legal and factual position/arguments"); *United States v. Mercado*, No. CR-07-2018-FVS-1, 2011 WL 573377, at *5 (E.D. Wash. Feb. 14, 2011) (denying appointment of counsel where "the defendant has demonstrated the ability to set forth those grounds he thinks justify relief under § 2255" and the parties' filings and record give the court "a reliable basis for assessing the validity of the grounds asserted by the defendant").

The Court declines to appoint counsel to assist Petitioner with his § 2255 motion. Petitioner grounds his request in the assertion that he "cannot adequately present the factual issues" and based on "considerations of judicial economy." ECF No. 61. In examining the situations in which appointment of counsel is mandatory, the Court finds that none apply to Petitioner's case. Appointment of counsel is not necessary for the effective utilization of discovery procedures in this case, and the Court does not find, at this time, that an evidentiary hearing is required.

| | |
|---|---|
| 1 | Similarly, the relative complexities of Petitioner's case are not such that denial of counsel would amount to a denial of due process: Petitioner's is a single, well-established legal issue. Petitioner has presented his case clearly and effectively throughout his papers. "Given the information he has presented, given the information the government has presented, and given the Court's independent review of the record, the Court has a reliable basis for assessing the validity of the grounds" that Petitioner has asserted. *Mercado*, 2011 WL 573377, at *5. |

Similarly, the relative complexities of Petitioner's case are not such that denial of counsel would amount to a denial of due process: Petitioner's is a single, well-established legal issue. Petitioner has presented his case clearly and effectively throughout his papers. "Given the information he has presented, given the information the government has presented, and given the Court's independent review of the record, the Court has a reliable basis for assessing the validity of the grounds" that Petitioner has asserted. *Mercado*, 2011 WL 573377, at *5.

In evaluating whether "the interests of justice" require appointment of counsel, the Court begins and ends its inquiry with Petitioner's financially eligibility. District courts are authorized to appoint counsel when the interests of justice so require, if the movant is financially eligible. Petitioner has failed to file an application to proceed *in forma pauperis*. Accordingly, the Court goes no further in its analysis.

For all of the reasons above, Petitioner's motion for appointment of counsel is DENIED.

## II. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Petitioner's motion for appointment of counsel to represent him on his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED.**

IT IS SO ORDERED.

Dated: **January 30, 2020**     /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE